IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP W. McCLURE,                    )
                                      )    1: 11-cv-00695-PK
            Petitioner,               )
                                      )
      v.                              )
                                      )    FINDINGS AND RECOMMENDATION
JEFF PREMO, Superintendent,           )
Oregon State Penitentiary,            )
                                      )
            Respondent.               )


      Philip W. McClure
      SID #5072942
      2605 State Street
      Salem, Oregon  97310-0505

            *Pro Se* Petitioner

      Ellen F. Rosenblum
      Attorney General
      Kristen E. Boyd
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97301

            Attorneys for Respondent


      1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Philip W. McClure brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the Oregon Board of Parole and Post-Prison Supervision's ("Board") April 16, 2008 decision (Board Action Form ("BAF") #7) to defer his parole twenty-four months.  For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On June 15, 1979, McClure was convicted of Rape in the First Degree and sentenced to a 20-year term.  Respondent's Exhibit 101. On February 14, 1983, while on parole, McClure was convicted of Rape in the First Degree, Sodomy in the First Degree, Kidnapping in the First Degree and Robbery in the First Degree.   The court imposed four consecutive, indeterminate, 20-year sentences with 10-year minimums, all to run consecutively with his 1979 20-year conviction.  Id.  On April 16, 2008, the Board held a hearing to determine whether to firm up McClure's previously projected release date or to extend it further.  The Board deferred McClure's release date for 24 months and set a new projected release date of October 30, 2010.   Respondent's Exhibit 102, p. 4.

McClure filed a timely administrative review request of BAF #7, but relief was denied.  Respondent's Exhibit 102, pp. 6-8. He then filed a petition for judicial review, but the Oregon Court

2 - FINDINGS AND RECOMMENDATION

of Appeals affirmed the Board's Order on Administrative Review in a written opinion, and the Oregon Supreme Court denied review. McClure v. Board of Parole and Post-Prison Supervision, 236 Or. App. 606, 237 P.3d 879 (2010), rev. denied 350 Or. 241, 254 P.3d 743 (2011); Respondent's Exhibits 106-113.

On June 8, 2011, McClure filed this action.  His grounds for relief are summarized as follows[1]:

1.  Ground One:  The Board violated McClure's rights under the *ex post facto* clause when it failed to follow the statutes and rules in effect at the time he committed his offenses.  Rather, the Board itself made the finding that he suffered from a "severe emotional disturbance."

    Supporting Facts:  Under the law in effect at the time of McClure's conviction, only a psychiatrist or psychologist could make such a finding.  In deferring his release date on the ground of severe emotional disturbance, the Board improperly applied a version or interpretation of the governing statute in effect *after* his crimes were committed.

2.  Ground Two:  The Board violated McClure's Due Process rights by acting beyond its authority and qualifications when it found that he suffered from a severe emotional disturbance.

    Supporting Facts:  Psychiatry and psychology are medical fields requiring a properly accredited education and licensing under relevant state law.  Oregon state lawmakers expected qualified medical professionals to make diagnoses after performing an "independent and impartial evaluation."  Moreover, the Board's diagnosis

---

[1]  The Court notes that McClure's claims and arguments are nearly identical to those presented in a prior federal habeas corpus action wherein the Court denied relief on his claims challenging the Board's 2006 denial of parole.  See McClure v. Premo, 6:  10-cv-00020-PK; No. 12-35819 (Ninth Circuit denied request for certificate of appealability on December 17, 2012.).

3 - FINDINGS AND RECOMMENDATION

was contrary to those of their own contracted psychologists.

3.   Ground Three:  The Board violated McClure's Due Process rights when it failed to follow its own administrative rules by failing to rule on the admissibility or exclusion of challenged evidence.

Supporting Facts:  Evaluations used in McClure's dangerous offender hearing related to his 1978 offense are inadmissible in any other proceeding.  Moreover, use of a "Supplemental Investigation Report" containing excerpts from this dangerous offender hearing is unauthorized under state law where he has not given a waiver authorizing the release of this information.  Use of this prohibited evidence taints both McClure's current psychological evaluation process and his current parole consideration proceedings.   In addition, each time McClure appears before the Board, he is prejudiced by inclusion in the record of "unproven allegations of criminal offenses which [he] has neither been charged nor convicted of."  Finally, the Board relies on inadmissible and/or irrelevant grievances filed during his incarceration for the 1978 conviction.

4.   Ground Four:  The Board violated McClure's Due Process rights when it failed to permit him to cross-examine their contracted psychologist and when the Board impermissibly attempted to elicit expert testimony from McClure regarding findings made by the psychologist.

Supporting Facts:  McClure had a right to know what evidence the psychologist used and whether such evidence was inadmissible and/or irrelevant, thus tainting the results of any forensic assessment tools used by the psychologist.  He had the right to know exactly what evidence the psychologist relief on to make his finding of a personality disorder, particularly when his institutional record contradicted this finding and the psychologist failed to follow appropriate testing protocol.  Moreover, any questions the Board had regarding the report could only be directed to the psychologist as McClure is not an expert in the field of psychology.

5.   Ground Five:  The Board violated McClure's Due Process rights when it failed to support its finding that he suffered from a "present and severe emotional disturbance

that constitutes a danger to the health or safety of the community" with substantial or even some evidence. There was no evidence in the record to substantiate the Board's findings and no relevant medical or psychological diagnosis.

Supporting Facts:  No qualified psychologist ever found McClure suffered from a severe emotional disturbance and his institutional record does not support such a finding.

6.    Ground Six:  As used by the Board, the term "severe emotional disturbance" is unconstitutionally vague.

Supporting Facts:  The term is not defined in the relevant Oregon statutes and "inmates do not know what is expected in terms of conduct or rehabilitative efforts they must achieve."  It allows the Board to use the standards in an arbitrary and/or discriminatory fashion towards prisoner.

Respondent asks the court to deny relief on the Petition because all grounds were denied on the merits in state court decisions entitled to deference.

**DISCUSSION**

**Merits**

I.    **Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and the

petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.    28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u>. at 413.    The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. <u>Id</u>. at 410.    The state court's application of clearly established law must be objectively unreasonable.  <u>Id</u>. at 409.

II.    <u>Analysis</u>

A.    <u>Due Process Claims (Grounds Two through Five)</u>

As noted above, McClure contends the Board violated his constitutional right to due process when it: (1) acted beyond its authority and qualifications to find that he suffered from a "present and severe emotional disturbance that constitutes a danger

to the health or safety of the community" (Ground Two); (2) failed to follow its own administrative rules regarding admissibility or exclusion of challenged evidence (Ground Three); (3) failed to permit him to cross-examine the Board's contracted psychologist and impermissibly attempted to elicit expert testimony from McClure regarding findings made by the psychologist (Ground Four); and (4) failed to support its finding that he suffered from a "present and severe emotional disturbance that constitutes a danger to the health or safety of the community" with substantial or even some evidence (Ground Five).

The U.S. Supreme Court has held that where state law creates a liberty interest in parole, "the Due Process Clause requires fair procedures for its vindication--and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, 131 S.Ct. 859, 862 (Jan. 24, 2011). However, the procedures required in the parole context are minimal and include: an opportunity to be heard, and provision of a statement of the reasons why parole was denied. Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). The Court further held that "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly." Id. at 863.

Here, even assuming Oregon law creates a liberty interest in parole[2], McClure received at least the minimal amount of required process:   He was provided with a copy of the examining psychologist's written report prior to the parole hearing; he was allowed to submit a ten-page document with attached exhibits to the Board in advance of his hearing, summarizing information he believed weighed in his favor, advancing his position that the Board should not consider certain inadmissible and irrelevant information during his parole consideration proceedings, and challenging the legitimacy of both his psychological evaluation and the psychologist's report; he was allowed to make statements at his exit interview; and he was notified in writing of the reasons why his parole was denied.  See Respondent's Exhibit 103:  pp. 17, 48-57; Transcript of Exit Interview, pp. 75-111; BAF #7, pp. 114-15.

While McClure agrees that the relevant inquiry with regard to his due process claims is what *process* he received, it is apparent that he believes he is entitled to much broader process in the parole context than the Constitution's due process clause provides. See Petitioner's Memo in Support [46]  at 12, 16, 20, 22 & 29 (citing Swarthout, 131 S.Ct. at 863 for the proposition that the

_____

[2]  Given, for the reasons below, the Court concludes McClure was afforded the protection due under Cooke, it need not decide whether Oregon law created a protected liberty interest in early release.  See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1398 (9th Cir. 1987)(conclusion that inmate received process due under prior Supreme Court decision on parole release relieved court of necessity of addressing existence of liberty interest).

Board was required to rule on and make specific findings regarding the admissibility and exclusion of evidence).

These contentions notwithstanding, on this Court's independent review of the record, McClure's due process claims (Grounds Two through Five) are denied.

### B.   Ex Post Facto Claim (Ground One)

In Ground One, McClure argues that the Board violated his right to be free from ex post facto punishment when it deferred his parole using harsher standards for release than those in effect at the time he committed his offenses. As McClure correctly notes, at the time of his crimes in 1982, the 1981 version of ORS 144.125(3) applied to his case. It provided, in part:

> If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date.

In 1993, the Oregon legislature amended ORS 144.125(3) as follows:

> If the board finds the prisoner has a mental or emotional disturbance, deficiency, condition or disorder predisposing the prisoner to the commission of a crime to a degree rendering the prisoner a danger to the health and safety of the community, the board may order the postponement of the scheduled parole release until a specified future date.

McClure contends that under the former ORS 144.125(3), the Board lacked authority to postpone his release without a diagnosis by a psychiatrist or psychologist that he suffered from a "present

severe emotional disturbance." In addition, he contends the Board's reinterpretation of its authority under former ORS 144.125(3) violated his ex post facto rights.

Relevant to this issue, the Oregon Courts determined that a psychiatric or psychological diagnosis must provide the *foundation* for the Board's finding that an emotional disturbance is "present" and "severe." Christiansen v. Thompson, 176 Or.App. 54, 61, 31 P.3d 449 (2001)(emphasis added). However, the statute does not "require that a psychiatrist or psychologist recite the words 'severe emotional disturbance' when diagnosing the prisoner." Weider v. Armenakis, 154 Or.App. 12, 16, 959 P.2d 623 (1998), withdrawn July 13, 1998, reasoning re-adopted and reaffirmed Merril v. Johnson, 155 Or.App. 295, 964 P.2d 284 (1998); see also, Godleske v. Morrow, 161 Or.App. 523, 526-27, 984 P.2d 339 (1999)(adopting Weider holding for 1981 version of ORS 144.125(3)). Rather, "the statute contemplates that the Board consider all information properly before it, and not just psychiatric or psychological diagnosis, in reaching a conclusion about whether a prisoner suffers from a 'present severe emotional disturbance such as to constitute a danger to the health and safety of the community.'" Weider, 154 Or.App. at 17-18; see also, Davis v. Johnson, 156 Or.App. 391, 392, 967 P.2d 484 (1998)(ORS 144.125 "contemplates that the Board will consider all information properly before it, using data contained in physical, mental, and

psychiatric examinations of prisoners, as well as from other relevant sources.")

In this case, the Board specifically noted that it "considered [the] matter under the laws in effect at the time of the commitment offense(s)". Respondent's Exhibit 102 at 4. Moreover, in making findings relative to McClure's release the Board considered Dr. Shellman's, a licensed psychologist, January 7, 2008 evaluation, "coupled with all the information that the Board is considering." Id. Although Dr. Shellman did not specifically diagnose McClure with a "present severe emotional disturbance," his evaluation in conjunction with all the other information that the Board considered provided a foundation for the Board's conclusion. That is all that the 1981 version of ORS 144.125(3), as interpreted by the Oregon courts, requires.

Nevertheless, McClure additionally argues that at the time he committed his offenses in 1982 the Board had interpreted the statute to mandate a prisoner's release on parole absent a specific diagnosis by a Board-appointed psychiatrist or psychologist that the inmate suffered from a "severe emotional disturbance." Thus, comparing this previous interpretation of ORS 144.125(3)(1981) to the current interpretation discussed above, McClure suggests his term of incarceration increased.

The Ex Post Facto Clause of the United States Constitution prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its

11 - FINDINGS AND RECOMMENDATION

commission.    Garner v. Jones, 529 U.S. 244, 250 (2000).    A law violates the Ex Post Facto Clause if it:    (1) "appl[ies] to events occurring before its enactment," Weaver v. Graham, 450 U.S. 24, 29 (1981); and (2) "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Calif. Dep't. of Corr. v. Morales, 514 U.S. 499, 504 (1995).    There is no Ex Post Facto violation if it "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes." Id. at 513.

The relevant inquiry in cases involving parole is whether the amended rule creates a significant risk of prolonging a prisoner's incarceration.    Garner, 529 U.S. at 251.    As noted in Garner, however, whether retroactive application of a change in parole law violates the prohibition against ex post facto legislation "is often a question of particular difficulty when the discretion vested in a parole board is taken into account." Id. at 250.    In determining whether a change in parole laws actually resulted in increased punishment, policy statements, along with actual practices of the Board, are important considerations. Id. at 256.

The Court notes that District Judge Anna J. Brown has previously considered an argument that application of the Board's revised interpretation of its authority under the 1981 version of ORS 144.125(3) to postpone release on parole violated the Ex Post Facto Clause.    See Everist v. Czerniak, 02-cv-00386-BR.    Upon reviewing various Supreme Court and circuit decisions, Judge Brown

concluded that there was no clearly established federal law addressing this issue. See Portley v. Grossman, 444 U.S. 1311 (1980); California Department of Corrections v. Morales, 514 U.S. 499 (1995); Garner, 529 U.S. at 251-52; see also Holguin v. Raines, 695 F.2d 372, 374 (9th Cir. 1982), cert. denied, 464 U.S. 896 (1983); Methany v. Hammonds, 216 F.3d 1307 (11th Cir. 2000), cert. denied, 531 U.S. 1196 (2001); Hamm v. Latessa, 72 F.3d 947, 956 n. 14 (1st Cir. 1995), cert. denied, 519 U.S. 856 (1996). Consequently, Judge Brown further concluded that the Oregon courts' decisions denying relief in Everist's case could be neither contrary to, nor and unreasonable application of, clearly established federal law.

The Court reaches the same conclusion here. The Oregon Court of Appeal's affirmance of the Board's 2008 parole denial was neither contrary to, nor an unreasonable application of, clearly established federal law because the Board's decision did not increase the punishment for McClure's crimes or alter the standards for determining parole eligibility after the commission of his crimes in 1982. Accordingly, his Ground One ex post facto claim is denied.

C.    Unconstitutionally Vague Term: "Present and Severe Emotional Disturbance" (Ground Six)

During his administrative review process, McClure alleged that the term "severe emotional disturbance" relied on by the Board to deny his parole was overly broad and vague. Here, respondent

13 - FINDINGS AND RECOMMENDATION

contends the Ninth Circuit Court of Appeals settled this issue in Hess v. Board of Parole and Post-Prison Supervision when it found that pre-1993 ORS 144.125(3) was neither unconstitutionally vague on its face or as applied.  514 F.3d 909 (2008).[3]

McClure concedes Hess may control this Court's disposition of his vagueness claim.  Nevertheless, he maintains it was wrongly decided and raises it here to preserve the issue for appeal. In addition, McClure seeks to distinguish his case from Hess on the basis that, unlike the petitioner there, he successfully participated in prison programming, the two had different psychological diagnosis, the petitioner in Hess did not challenge his parole hearing for procedural deficiencies, and the holding in Hess is confined to the petitioner in that case.  The Court is not persuaded by these arguments.

While McClure may disagree with Hess, this Court is bound by its holding.  Moreover, the Court finds that the factors on which McClure relies to distinguish his case from Hess either do not bear on the question of whether the term "present and severe emotional disturbance" is unconstitutionally vague or are not sufficient to support an "as applied" challenge.  For example, given Dr. Shellman's diagnosis and conclusions as set forth in his January 7,

---

[3]  Notably, the challenged administrative rules, OAR 255-60-005940 and 255-060-0012(3)(a), contain the same allegedly vague language:  "present severe emotional disturbance such as to constitute a danger to the health and safety of the community."

2008[4] report, McClure's contention that he and the petitioner in Hess had different diagnosis is not helpful.  See Respondent's Exhibit 102 (Administrative Review Response dated May 1, 2009). Accordingly, McClure cannot demonstrate that the Oregon Court of Appeals' affirmance of the Board's denial of this claim was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

### RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that McClure has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  This case is not appropriate for appellate review.

///

///

---

[4]  Dr. Shellman's diagnosis included:  Atypical Paraphilia (forcible rape) under Axis 1; and Mixed Personality Disorder with Antisocial and Narcissistic Features under Axis II.  The doctor also concluded that McClure "is lacking in insight and has little empathy for the needs of others"; results of the exam suggest he falls in the moderate to high range of risk for future violent behaviors; and "he would continue to be a danger to the community if he were released at this time."  Respondent's Exhibit 114.

15 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 21ST day of March, 2013.

Paul Papak
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION